42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert STORSETH, Debtor.
In re Maite STORSETH, Debtor.
Robert STORSETH; Maite Storseth, Plaintiffs-Appellants,
and
Gateway Associates, Plaintiff,
v.
PACIFIC COAST INVESTMENT CO., a Washington corporation;
Security Pacific Bank Washington N.A., now SeaFirst Bank;
Jon C. Peterson; Frederick H. Reininger; City Federal
Savings Bank; Cosco Fire Protection Inc., a California
Corporation; Sprink, Inc., a California Corporation,
Defendants-Appellees,
and
Tai Hau Iron and Steel Company, Limited, a Taiwanese
Corporation, Defendant.
 No. 93-35904.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Nov. 15, 1994.
 
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On January 6, 1993, the bankruptcy court granted partial summary judgment for Pacific Coast Investment Company and Seafirst Bank, now Security Pacific Bank, ruling that Pacific Coast held a second lien and that Seafirst Bank held a third lien upon the property owned by Maite R. Storseth located at 2100 156th Avenue S.E., Bellevue, Washington. The bankruptcy court also dismissed Maite R. Storseth and Robert E. Storseth's ("the Storseths") 11 U.S.C. Sec. 544 claim. The Storseths appeal the district court's order affirming the bankruptcy court's grant of summary judgment.
 
 
 3
 During the pendency of this appeal, the Storseths and Pacific Coast stipulated to the dismissal of Pacific Coast from this appeal pursuant to Fed.R.App.P. 42(b). Thus, the only remaining appellee on appeal is Security Pacific Bank. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 4
 I. The Validity of Security Pacific Bank's Lien
 
 
 5
 Robert E. Storseth and Maite R. Storseth are husband and wife. Robert E. Storseth is president of Robert E. Storseth, Inc. ("RESI"). On November 29, 1988, RESI deeded the property at issue to Maite Urza (Maite Storseth's maiden name). Over a year later, on March 14, 1990, RESI granted a deed of trust in the same property to Security Pacific Bank to secure a loan. At that time, RESI had no title in the property.
 
 
 6
 Appellants argue Security Pacific did not receive an interest in appellants' property because the deed of trust given to Security Pacific on March 14, 1990 was granted by RESI, which was not the owner of the property at the time it signed the deed. Thus, appellants contend Security Pacific's lien on the property is invalid because RESI cannot convey or encumber real property that it did not own.
 
 
 7
 Under Washington law, however, a party can ratify, by actions or words, a contract or conveyance that is otherwise invalid. In Whitcomb v. Sager, 144 P. 922 (Wash.1914), the Washington Supreme Court stated:
 
 
 8
 When a party, with knowledge of facts entitling him to rescission of a contract or conveyance, afterward, without fraud or duress, ratifies the same, he has no claim to the relief of cancellation. An express ratification is not required ... any acts of recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it have the effect of an election to affirm.
 
 
 9
 Id. at 925 (citation omitted).
 
 
 10
 Similarly, in Power v. Esarey, 224 P.2d 323 (Wash.1950), the court stated:
 
 
 11
 If a person claims that a contract or conveyance was procured by fraud, he must elect to rescind promptly or he will be barred from relief upon the ground of having ratified the transaction. If he ... continues to receive benefits under the contract after he has become aware of the fraud, or if he otherwise conducts himself with respect to it as though it were a subsisting and binding engagement, he will be deemed to have affirmed the contract and waived his right to rescind.
 
 
 12
 Id. at 329 (citation omitted).
 
 
 13
 Here, Maite signed Security Pacific's "straight note" application, in which Security Pacific was to receive a lien upon her property in exchange for a loan of $40,000. Maite had full knowledge that RESI was granting Security Pacific the deed of trust on her property; yet, she did not object or seek to rescind on the ground that RESI had no power to grant Security Pacific a deed of trust. The record would indicate that she intended Security Pacific to encumber her property in exchange for the loan. She recognized the transaction as binding and subsisting. Given these facts, Maite ratified and affirmed Security Pacific's lien upon her property.
 
 
 14
 II. The Storseths' 11 U.S.C. Sec. 544(a) Claim
 
 
 15
 By filing for bankruptcy under Chapter 11 of the Bankruptcy Code, the Storseths became debtors in possession with the rights and powers of a trustee. Wearing the hat of a trustee, the Storseths argue that 11 U.S.C. Sec. 544(a) allows them automatically to avoid any lien which could have been avoided by a hypothetical bona fide purchaser at the commencement of the bankruptcy proceeding. The Storseths contend that a bona fide purchaser would have been able to avoid Security Pacific's lien.
 
 Section 544 states:
 
 16
 (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
 
 
 17
 (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. (emphasis added).
 
 
 18
 The Storseths incorrectly assume that a trustee under 11 U.S.C. Sec. 544 automatically becomes a hypothetical bona fide purchaser. This is not what the statute provides, nor is it the conclusion of any of the courts that have addressed the question. The statute states that for a trustee to have the rights and powers of a bona fide purchaser, the trustee must first "obtain[ ] the status of a bona fide purchaser."
 
 
 19
 Whether a person can become a bona fide purchaser is a matter of state law. In Re Seaway Express Corp., 912 F.2d 1125, 1128 (9th Cir.1990). Under Washington law, a purchaser cannot become a bona fide purchaser if that person has "notice of another's claim of right." Miebach v. Colasurdo, 685 P.2d 1074, 1078 (Wash.1984) (citation omitted); accord In re Professional Investment Properties of America, 955 F.2d 623, 627 (9th Cir.1992) (stating that under Washington law, "[a] trustee does not become a hypothetical bona fide purchaser if she has been put on constructive or inquiry notice").
 
 
 20
 In adddition, a purchaser is deemed to have knowledge of all facts that would have been discovered had the purchaser inquired of the persons in possession of the property. In Nichols v. De Britz, 35 P.2d 29, 31 (Wash.1934), the Supreme Court of Washington stated:
 
 
 21
 The actual possession of the property by the appellant, at the time the respondent's mortgage was filed for record, was notice to him of whatever rights a prudent and reasonable inquiry would have revealed.
 
 
 22
 In Peoples National Bank v. Birney's Enterprises, Inc., 775 P.2d 466, 470 (Wash.App.1989), the court noted, "We have found no case excusing inquiry where possession is visible and evident."
 
 
 23
 Here, any purchaser who inquired of the Storseths--both of whom signed Security Pacific's loan application and have lived on the property since 1988--would have come across Security Pacific's lien, as well as Pacific Coast's lien.[1] This knowledge would preclude any purchaser from becoming a bona fide purchaser. Thus, the trustee could not have obtained the status of a bona fide purchaser and could not have avoided Security Pacific's lien under 11 U.S.C. Sec. 544.
 
 
 24
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We find it worth noting that the Storseths advanced the same Sec. 544 claim against Pacific Coast, even though the Storseths both signed the loan application and listed Pacific Coast as a secured creditor on their bankruptcy schedules. In In re Professional Investment Properties, the court held that, under 11 U.S.C. Sec. 544 and Washington law, the contents of the debtor's bankruptcy pleadings puts a trustee on constructive or inquiry notice, thus precluding hypothetical bona fide purchaser status. Id. at 627